TORRES, PLAINTIFF AND APPELLEE, *v.* MUNICIPAL ASSEMBLY OF GUÁNICA, DEFENDANT AND APPELLANT.

## APPEAL from the District Court of Ponce in Mandamus Proceedings.

No. 3230.—Decided June 13, 1924.

MUNICIPALITIES—MUNICIPAL ASSEMBLY—VACANCIES, MANNER OF FILLING—PARTY SELECTION.—Ratifying the doctrine laid down in *Piovanetti et al.* v. *Paz et al.*, 28 P. R. R. 498, it was held in this case that the appointing power of the municipal assembly to fill vacancies among its members is merely residuary. The selection is made primarily by the people through the local organization of the political party to which the outgoing member belongs. In making the substitution, therefore, the assembly acts ministerially and not discretionally.

ID.—ID.—ID.—The amendment made to section 22 of the Municipal Law of 1919 after the decision of *Piovanetti Case, supra,* did not affect the doctrine of that case.

ID.—ID.—ID.—MANDAMUS—INTEREST.—A person qualified to hold the office of municipal assemblyman and recommended for that office by the political party to which the outgoing member belonged, has the necessary interest to petition for a writ of mandamus and need not allege that he had no other adequate remedy.

ID.—ID.—ID.—PLEADING.—In a matter of such high public nature as the selection of the person to represent in a municipal assembly a certain electoral district, it was not necessary to allege in the petition for a writ of mandamus that demand had been made upon the assembly for delivery of the office to the person appointed.

The facts are stated in the opinion.

Mr. J. R. Gelpí for the appellant.

Mr. R. Arjona Siaca for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The District Court of Ponce issued a peremptory writ of mandamus to the Municipal Assembly of Guánica to compel it to seat the petitioner. The petitioner alleged a vacancy in the assembly owing to the resignation of a socialist member and the due naming of the petitioner by the socialist organization to fill the vacancy. With knowledge of this vacancy, or perhaps acting upon the suggestion of another socialist member of the assembly, the latter made a request to the socialist party to certify three names to said assembly.

With the exception that the vacancy was of a unionist member, the principal facts of this case are identical with those of Piovanetti et al. v. Paz et al., 28 P.R.R., 498. The Municipal Assembly, the appellant in this case, among other grounds of attack, maintains that Piovanetti v. Paz is erroneous and that section 22 of Act No. 85 of the year 1919 has been amended so as to change the mode of filling a vacancy in the municipal assembly. The appellant strongly maintains that the power to fill a vacancy resides in the municipal assembly by reason of various sections of the Municipal Law as well as by the Organic Act, while the case of Piovanetti v. Paz directly or by implication places such power in the party to which the member causing the vacancy belonged.

Section 22 as passed in 1919 reads as follows:

"Section 22.—That vacancies in the municipal assembly shall be filled by the assembly with persons having the qualifications of eligibles and who are of the same political affiliation as the member causing the vacancy, on recommendation of the local directing organization of the party which elected the member whose vacancy is to be filled."

Porto Rico has been accorded, like every State in the Union, a representative form of government. Fundamentally, the people rule and elect their representatives. The representatives are elected by qualified voters. This is true for the People of Porto Rico as well as for the municipalities. The municipal assemblies are elected by the qualified voters.

It would take, then, very little for a court to be bound to believe that a legislature will do everything in its power to carry out the will of the sovereign people as expressed by its voters. Voters of certain wards of Guánica elected a socialist member, and the intention of section 22 plainly was to perpetuate such representation when it gave the party itself a right to recommend the filling of a vacancy. The opinion in *Piovanetti* v. *Paz* very well shows that it was never the intention of the Legislature to allow an opposite party to select the persons who should fill a vacancy. The intention of the Legislature would be defeated if any choice or power of selection was left within the municipal assembly as against the will of the party to whom the right of recommendation has been given. Of course, if the party recommending chooses to send three names to the assembly, that is a different matter. When a single recommendation is made, if *Piovanetti* v. *Paz* is correct, and the proposed member is qualified, a duty to name the recommended member arises in the assembly.

The supposed conflict between section 22 of the Municipal Law and the interpretation put upon it by this court is

caused principally by section 26 of the Municipal Law, as follows:

"Sec. 26.—That the Municipal Assembly shall have sole authority:

      *          *          *          *          *          *          *

"8.—To fill such vacancies as may occur among its members as well as among the members of the council of administration; *Provided,* That the latter shall fill such vacancies as may occur among its members when the assembly is not in session, and that appointments so made shall be effective until the municipal assembly shall confirm the same or make new appointments."

There is some apparent conflict, but this conflict has to yield to the plain intention of the Legislature. Cases may readily be imagined where the absolute right to fill a vacancy would arise in the assembly; for example, when there has been no election by reason of a tie, or the refusal of an electorate to vote. Likewise a choice might arise where the party having the right to recommend a vacancy failed or refused to act. Where, however, the political party concerned does act and recommend, there is a duty to name by the municipal assembly.

The appellant refers to the alleged appointing power of the municipal assembly. The appointing power of the municipal assembly to fill vacancies is merely ultimate or residuary. The election is primarily in The People and the appointment, we hold, is placed in the party that loses a member in the assembly. By the Constitution of the United States the power of appointment may be placed by Congress in the President or in the heads of departments and we do not doubt that Congress has a right to place such power of appointment elsewhere. Perhaps, originally, political parties were not recognized as legal entities, but history in the United States has shown that political parties are recognized for various purposes as legal entities, even to the point that limitations are put upon their organization. We are clearly of the opinion that the Legislature of Porto

Rico had the right to place the filling of a vacancy in a political party, and did so.

It would follow from section 32 of the Organic Act and section 23 of the Municipal Law that the limitations on members are those that are generally placed on legislative assemblies, but the use of such word "limitations" would rather deny than affirm the right of a power of appointment.

It follows almost necessarily from the foregoing that the right to fill a vacancy is a mere ministerial act and not discretionary as appellant would maintain. The mere fact that the assembly would have to convince itself that the proposed person had the legal qualifications for election, is not the exercise of discretion. A ministerial legal duty may exist although the person sought to be compelled by mandamus would have to interpret a law or examine a proposed member to see if he had the necessary qualifications.

Appellant also maintains that section 22 of the Municipal Law was amended and its effect changed. The amendment is as follows:

"Whenever by reason of a tie vote, or because there are several vacant positions in the municipal assembly and it has not a *quorum*, such vacant position can not be filled by the assembly, then the Governor of Porto Rico shall, with the approval of the Insular Senate, make the necessary appointments, such appointments to be made of persons having the qualifications of eligibles who are of the same political affiliation as that of the member or members causing such vacancies, and on recommendation of the local directing organization of the party who elected the member or members whose vacancies are to be filled."

We agree with the appellee, however, that this addition to the law merely covers two cases: First, when the assembly has a choice and cannot arrive at a selection by reason of a tie vote and, second, when there is no quorum in the municipal assembly. We do not see that this addition has affected our decision in *Piovanetti* v. *Paz, supra*.

The appellant alleged that there was no vacancy shown,

but the admitted request by the assembly for the sending of three names would alone prove such a vacancy, even if this fact had not been shown by the testimony of the municipal secretary.

Supposing due authority to name him and that he had the qualifications, the petitioner had the necessary interest to bring a writ of mandamus. A member entitled to a seat has clearly interest enough to compel the performance of what we have found to be a ministerial duty. The socialist party might have a correlative right, but it would not be exclusive.

Even if petitioner had some other remedy, it would not be as rapid, adequate or available as a writ of mandamus, but this right to a writ of mandamus, we hold, was clearly given by section 65 of the Municipal Law. The failure to allege a lack of an adequate remedy was unnecessary, as shown by the citations made by appellee.

As our discussion of the principal question would tend to show, the selection of a person to represent a particular constituency is a matter of high public nature. Therefore, we are satisfied from the citations of the petitioner that in matters of such a high public nature a previous demand to perform the act in question is unnecessary. We are inclined to hold that the assembly had a demand made upon it by the rule to show cause or the conditional order issued by the court. Furthermore, the assembly passed a reasoned resolution in which it claimed the right of selection for itself and apparently denying the right of the socialist party. No further demand was necessary under these circumstances. This is not the case where the position of petitioner was not made clear to respondent.

At the close of petitioner's case the appellant moved for a nonsuit on the ground that petitioner had not shown certain qualifications. The court in its discretion permitted the petitioner to show such qualifications and we find no abuse of discretion.

The appellant also complains that the court refused to hear his demurrer on the theory that the law of mandamus only recognizes the petition and the answer. While we are inclined to think that the Code of Civil Procedure of 1904 did not, as appellant maintains, change the special law of mandamus, yet we are also satisfied that all the matters which the appellant sought to reach by demurrer or other special motion were presented by the respondent.

The appellant, with a number of repetitions, assigns other grounds of error. They are either covered by our previous .decision in *Piovanetti* v. *Paz* or incidentally by this opinion, or else they are unimportant. Some of them were not raised in the court below.

The judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.